UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                  Case No.:       8:22-bk-02965-CPM
Brian J. Forte                                                      SubChapter V Small Business Chapter 11 Case
    Debtor.
_____/

**UNITED STATES TRUSTEE
EXPEDITED MOTION TO DISMISS CASE WITH PREJUDICE
BARRING THE DEBTOR FROM REFILING UNTIL
THE FINAL CONCLUSION OF THE STATE COURT FORECLOSURE ACTION**

      This Honorable Court should dismiss this Debtor's serially filed skeletal bankruptcy case for abuse on the basis that this case was filed to thwart the foreclosure proceedings for a fifth time. Each prior bankruptcy case filing was dismissed without the ability of the Debtor to confirm a plan or comply with the requirements in the cases. Further, this Court has previously dismissed this Debtor with prejudice, without avail—establishing cause exists showing that a two-year bar is inadequate and insufficient to deter this Debtor from using the bankruptcy system in an abusive manner. The Debtor has not obtained or provided proof of insurance, closed pre-petition bank accounts, opened estate fiduciary accounts, sought the use of cash collateral, provided adequate assurance of future performance to utilities, provided documents reasonably requested by the U.S. trustee, or attended the Initial Debtor Interview conducted by the U.S. trustee. Likewise, the Debtor has not timely completed the bankruptcy schedules and statements, instead seeking an extension of time to complete them until after the scheduled meeting of creditors. And instead of making this fifth bankruptcy case a priority, the Debtor flew to Puerto Rico and will not be returning until August 19, 2022. Accordingly, dismissal with prejudice, barring the Debtor from refiling until a final unappealable resolution of the state court foreclosure action has occurred is warranted. In support thereof, the United States trustee asserts:

1. Jurisdiction over this matter is predicated on 28 U.S.C. §§ 157, 1334; Fed. R. Bankr. P. 1017, 9013, 9014; and 11 U.S.C. § 105(a), 109(g), 307, and 1307.

2. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A and O).

3. Venue is proper in the Middle District of Florida, Tampa Division.

4. The United States Trustee has standing to raise and prosecute this matter pursuant to 28 U.S.C. § 586(a)(3); 11 U.S.C §§ 109(g), 110, 307, 707; and Fed. R. Bankr. P. 1017, 9013, and 9014.

5. The Debtor voluntarily commenced this, his fifth serially filed bankruptcy case on July 23, 2022.

6. The Debtor is a serial filer, who has already been adjudicated by this Court as an abusive serial filer, due to the Debtor's "failure to comply with the Court's filing requirements" that caused the dismissal of two prior cases and the 2015 case. *See* Order (Doc. No. 27, 8:15-bk-01684-KRM)(barring the Debtor from filing from June 8, 2015 through June 7, 2017).

7. All of the bankruptcy case filings originated as skeletal petitions.[1] Only in the 2018 case was a plan ever filed and even then, the plan was not confirmable.[2]

8. All of the bankruptcy case filings were timed to thwart the State Court foreclosure proceeding.[3] In that foreclosure action, Nationstar obtained a final judgment of foreclosure on August 22, 2013.

---

[1] 8:14-bk-05822-KRM;  8:14-bk-01307-KRM;  8:15-bk-01684-KRM;  8:18-bk-00078-MGW; and 8:22-bk-02965-CPM.
[2] ProMemo (Doc. No. 113, 8:18-bk-00078).
[3] *Nationstar Mortgage, L.L.C. v. Forte*, 13-CA-002074 (Hillsborough Cir. Ct.)

9. The Debtor never sought to appeal the final judgment of foreclosure—instead the Debtor commenced these serial skeletal bankruptcy case filings in bad faith on the eve of scheduled foreclosure sales.

10. In the instant bankruptcy case filing, the Debtor discloses that he is receiving rental income on the property. (Doc. No. 7). Yet the Debtor has not filed any motion to use cash collateral.

11. The real estate is investment property. (Doc. No. 7). Yet the Debtor does not have hazard insurance on the property or damage or liability insurance due to use or access over the property.

12. The Debtor has not filed any motion to approve adequate assurance of future performance to utility companies.

13. The Debtor has not opened an estate bank account under 11 U.S.C. § 345.

14. The Debtor has not closed pre-petition bank accounts.

15. The Debtor has failed to provide documents reasonably requested by the U.S. trustee in the lead up to the Initial Debtor Interview.

16. The Debtor has not attended the Initial Debtor Interview.

17. And although this is the Debtor's fifth case since 2014, the Debtor is unable to complete the bankruptcy schedules, statements, and lists in the time provided by the Bankruptcy Code and Rules—instead waiting until the deadline to seek an extension because he decided a trip to Puerto Rico was more important than his fiduciary obligations and responsibilities in this serially filed skeletal bankruptcy case.

18.  Although this is an individual chapter 11 case, the Eleventh Circuit's holding in *Phoenix Picadilly* is illustrative of the bad faith and abusive serial filing evident herein and provide a non-exhaustive list of cause to dismiss an abusive bad faith filing.[4]

19.  The United States Trustee preserves and does not waive her right to raise and be heard on any issue in this case, proceeding, or at hearing.  The United States Trustee specifically preserves her rights for any action appropriate under §§ 105(a), 329, 526(a)(2), 526(c), and 707(b)(4), title 11, United States Code as well as Federal Rule of Bankruptcy Procedure 9011(b) as they apply to the actions, inactions, and omissions to whomever drafted the Debtor's fifth serially filed skeletal bankruptcy petition.

WHEREFORE PREMISES CONSIDERED, the United States Trustee for Region 21, respectfully prays that this Court grant the Motion and enter and order dismissing this serially filed bankruptcy petition and enjoining the Debtor from filing any subsequent bankruptcy case until such time as the State Court foreclosure action cited above is resolved by final unappealable adjudication or resolution, and for such other and additional relief as this Court determines appropriate under these premises.

---

[4] *In re Phoenix Picadilly, Ltd.*, 849 F.2d 1393 (11th Cir. 1988) and the analysis set forth under *In re State Street Houses, Inc.*, 356 F.3d 1345 (11th Cir. 2004), which establishes that the *Phoenix Picadilly* factors constitute a non-exhaustive list.

Dated: 10 August 2022

                          Respectfully submitted,

                          Mary Ida Townson
                          United States Trustee, Region 21

By:    */s/*J. Steven Wilkes (Ala. Bar. No. WIL-278)
        Trial Attorney
        U.S. Department of Justice
        Office of the U.S. Trustee, Region 21
        501 East Polk St. Suite 1200
        Tampa, Florida 33602
        (813) 228-2000 / fax (813) 228-2303
        steven.wilkes@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically and/or by United States Mail, to the following on or before 10 August 2022:

Brian J. Forte
5440 Leahy Lane
New Port Richey, FL 34652

Electronically to:    Jake C. Blanchard, Putative Counsel to the Estate Fiduciary and Debtor
                                  Michael C. Markham, SubChpV Trustee

                                                          /s/ J. Steven Wilkes